BASS HIGGINBOTHAM, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed July 15, 1920.

Upon an indictment charging the larceny of "one bull, one steer, one cow," where a conviction of the larceny of "one bull" is reversed because the verdict was not supported by the evidence, and on another trial that is expressly confined to the larceny of "one bull," a conviction of the larceny of "one bull" will be sustained on writ of error where there is ample evidence to support the verdict, no errors of law or procedure appearing.

A writ of error to the Circuit Court for DeSoto County; Geo. W. Whitehurst, Judge.

• Judgment affirmed.

*W. D. Bell,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *D. Stuart Gillis,* Assistant, for the State.

WHITFIELD, J.—Upon an indictment for the larceny of "one bull, one steer, one cow, of the property of Richard Windham, the plaintiff in error was convicted of the "larceny of one bull." This conviction was reversed because the evidence related to a "cow" or to an "animal" as being the subject of the larceny charged thus showing the verdict to be not supported by the evidence adduced at the trial. Higginbotham v. State, 78 Fla. 114, 82 South. Rep. 601.

On another trial on the same indictment the defendant was found "guilty" and to a judgment of conviction on the verdict took writ of error.

A contention, sought to be presented by plea, that at the former trial the defendant by being found guilty of the larceny of a bull was in law acquitted of the charge of larceny of a cow and of a steer and that the reversal of the conviction of larceny of a bull entitled the defendant to a discharge under the indictment, was manifestly unavailing if it had been so presented as to require consideration of the plea. In the charge the jury were instructed as to the acquittal on the charge of larceny of a cow and a steer, and their consideration was expressly confined to the charge of the larceny of "one bull." No special instructions were requested and the charges given were comprehensive and not in any way prejudicial to the defendant.

As there is ample evidence to sustain the verdict under the indictment charging larceny of "one bull," and as no material errors of law or of procedure appear, the judgment is affirmed.

BROWNE, C. J. AND TAYLOR, ELLIS AND WEST, J. J., concur.